## SOL. PHILLIPS v. SAM. BEATTY ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF FAYETTE COUNTY.

Argued May 13, 1890—Decided May 26, 1890.

1. Where, at the request of a defendant in a judgment, his brother offered to pay the plaintiff in full, and was referred by the latter to K., his attorney, and under K.'s direction, he paid the amount to C., associated with K. as attorney of record, though personally unknown to the plaintiff, the payment to C. is a good defence to a subsequent revival of the judgment.
2. And this, notwithstanding the fact that, before the issuance of the writ of scire facias, a rule granted, upon the petition of the original plaintiff, to show cause why an assignment of the judgment made to the person so paying it and a satisfaction thereof entered by the latter should not be stricken from the record, had been made absolute.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM, and MITCHELL, JJ.

No. 318 January Term 1890, Sup. Ct.; court below, No. 141 June Term 1886, C. P.

On April 7, 1886, a scire facias to revive was issued to the above stated number and term of the court below, to revive a judgment for $976.80 in favor of Solomon Phillips against Samuel Beatty, Joseph Beatty and Alexander J. Hill, entered to No. 132 December Term 1880. The defendants pleaded payment, payment with leave, etc.

At the trial on November 26, 1889, the plaintiff's case in chief having closed, the defendants showed that on September 5, 1881, James Beatty (a brother of two of the defendants), under circumstances sufficiently stated in the opinion of the Supreme Court, paid the amount due upon the judgment to Mr. W. H. Coldren, one of the plaintiff's attorneys of record, who gave to James Beatty a receipt for the money and an assignment of the judgment, staying an execution upon which a sheriff's sale was about to be made. Subsequently, James Beatty filed the assignment and entered satisfaction of the judgment.

Charge of Court below.

Mr. Coldren was a junior member of the bar, occupying the same office, but not a partner, with Mr. Daniel Kaine, who had special charge of the plaintiff's judgment. Mr. Kaine and Mr. Coldren were both dead in 1885, and in June, 1885, the plaintiff, averring that he had never been paid the amount of the judgment and that the payment thereof to Mr. Coldren and the assignment by the latter to James Beatty on September 5, 1881, were unauthorized, obtained a rule to show cause why the assignment and satisfaction entered of record should not be stricken off. On March 29, 1886, after hearing, the rule was made absolute, and soon afterward this scire facias was issued.

The defendants offered evidence to show that, in September, 1881, Mr. Kaine and Mr. Coldren, occupying the same office, did legal business for each other, and that in March, 1882, Mr. Kaine had actual knowledge that the judgment had been assigned to James Beatty. Objected to, because res judicata, being prior to March 29, 1886, when the rule to strike off the assignment and satisfaction was made absolute. Objection overruled; exception.[3] [4]

At the close of the testimony, the court, INGHRAM, P. J., answered the points presented and charged the jury as follows:

The plaintiff presents the following point:

1. It being admitted by the plaintiff that the facts in the case are as claimed by the defendants, the plaintiff moves the court to instruct the jury to find for the plaintiff.

Answer: Refused.[1]

The defendants present the following point:

1. The facts being admitted to be as shown by the defendants, the plaintiff is not entitled to recover, and the verdict must be for the defendants.

Answer: Affirmed.[2]

Gentlemen of the jury: [We have been requested by the defendants in this case to instruct you that the facts being admitted to be as shown by the defendants, the plaintiff is not entitled to recover, and the verdict must be for the defendants. That point is correct and is affirmed. We instruct you that there being no dispute about the facts as shown by the evidence, it being admitted by the counsel for the plaintiff and

for the defendants that the facts are as claimed by the defendants to be shown by the testimony, we instruct you that under the facts in this case the plaintiff is not entitled to recover, and that your verdict should be for the defendants; and, with your consent, the prothonotary will take your verdict for the defendants in this case.] [5]

—The jury returned a verdict in favor of the defendants. Judgment having been entered, the plaintiff took this appeal, assigning for error:

1. The answer to the plaintiff's point.[1]
2. The answer to the defendants' point.[2]
3, 4. The admission of the defendants' offers.[3] [4]
5. The charge of the court embraced in [ ] [5]

*Mr. S. E. Ewing,* for the appellant.

*Mr. S. L. Mestrezat,* for the appellees.

PER CURIAM:

In his first point for charge the plaintiff, conceding the facts to be as claimed by defendants, asked the court to instruct the jury to render a verdict in his favor. That request was refused, and the learned judge, affirming the converse proposition of defendants, charged " that, the facts being admitted to be as shown by the defendants, the plaintiff is not entitled to recover, and the verdict must be for the defendants." The case was thus made to turn upon the facts as shown by defendants, and the decision was adverse to the plaintiff. In view of the facts shown by defendants, and conceded by plaintiff, we are not convinced that there was any error in the rulings complained of in the first and second specifications.

One of the facts referred to is that James Beatty was appealed to by one of his brothers to assist them in paying the judgments that were then pressing them, including that of the plaintiff, and he agreed to do so. For that purpose he called on the plaintiff, Mr. Phillips, about the 1st of September, 1881, and offered to pay the amount of his judgment; but he declined to act, and directed him to go to Mr. Kaine, and see him about it. James Beatty then saw Coldren, who had control of the executions, and proposed to pay the amount of them, provided

.the judgments were assigned to him.  Before paying the money, however, he saw Mr. Kaine, and asked him if it would be all right for him to pay the money to Coldren.  Kaine said it would; "that Coldren was doing business for him, and whatever he did would be all right, and that he (Kaine) would sign the necessary papers."  On the day the defendant's real estate was advertised for sale, James Beatty, in company with his brother Samuel, one of the defendants, called at Mr. Kaine's office, found Mr. Coldren there, paid him the amount of plaintiff's judgment, and took the receipt that was given in evidence. This, in connection with the fact that both Kaine and Coldren were attorneys of record in the case for plaintiff, was sufficient to authorize the payment.  The assignments of error are not sustained.

Judgment affirmed.